UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN FILUSH, | CIVIL ACTION NO.: |
| Plaintiff | 3:02CV1934(SRU) |
| v. | |
| TOWN OF WESTON, | |
| Defendant | December 1, 2003 |

### PLAINTIFF'S MOTION TO: (1) CONFIRM THAT HE CAN DEPOSE THE DEFENDANT'S FACT WITNESSES BEFORE THE JANUARY 15, 2004 DISCOVERY CUT-OFF DATE, OR (2) EXTEND THE DISCOVERY DEADLINE TO DEPOSE FACT WITNESSES TO THE JANUARY 15, 2004 DISCOVERY CUT-OFF DATE

The plaintiff, John Filush, moves to: (1) confirm that he can depose the defendant's fact witnesses before the January 15, 2004 cut-off date, or (2) extend the deadline to depose fact witnesses through the present January 15, 2004 discovery cut-off date. This is the plaintiff's first request for a clarification/extension of the discovery deadline. Defendant's counsel, Martha Shaw, told my legal assistant, Jennifer Symmes, early this morning that she would first need to speak to Attorney Michael Rose (her co-counsel on the case) before letting us know whether or not the defendant consents to the motion. (As of 2:30 p.m. today I had not yet received any response from either Attorney Shaw or Attorney Rose as to whether the defendant consented to or opposed the Motion for an Extension.)

The depositions of both the plaintiff, the defendant's Police Chief and certain members of the defendant's Police Commission were originally scheduled to be held during October, 2003. John Filush's deposition proceeded as scheduled on October 28, 2003. (Due to a scheduling

1

conflict, I had my associate, Tanya Wolanic, defend Mr. Filush's deposition because I could not attend.) Due to a scheduling conflict that I became aware of in or around mid-October, 2003, I asked defendant's counsel, Martha Shaw, if we could reschedule the depositions of the defendant's witnesses and she agreed to do so. In or around early November, 2003, a representative from Attorney Shaw's office originally proposed two dates in November, 2003 but I was not available on those dates. I provided dates in December, 2003 when I was available. Attorney Shaw selected December 4 and 5, 2003, respectively, for the defendant's witnesses' depositions. To accommodate Attorney Shaw and the defendant's witnesses, I also agreed to take the depositions in the defendant's offices in the order that Attorney Shaw requested that the witnesses be deposed.[1]

Late in the afternoon of Tuesday, November 25th, I received a voice mail message from Attorney Shaw. Attorney Shaw told me, for the first time, that the defendant would be filing a motion with the court objecting to the depositions of the Police Commissioners on December 5, 2003 because the discovery deadline was November 1, 2003. I told Attorney Shaw that the court had extended the discovery deadline. Attorney Shaw responded that the court only extended the discovery deadline for expert witnesses and not fact witnesses.

Attorney Shaw had filed a motion on August 12, 2003 to modify the scheduling order. On August 18, 2003, the court granted the defendant's motion and entered an order stating that the discovery cut-off date would be extended to January 15, 2004 and the dispositive motion

---

[1] Although Attorney Shaw has not filed a motion for a protective order with respect to the December 4, 2003 deposition of Chief Land, I have informed her that I will not proceed with that deposition or any other depositions in this case unless and until the court rules on the request for a clarification/extension.

2

deadline would be extended to March 15, 2004. The basis for the defendant's extension request was specifically to enable the defendant to designate any trial experts and allow those experts to be deposed before January 15, 2004.

I was operating on the premise that, because the discovery cut-off had been extended to January 15, 2004, all depositions needed to be completed by that date. While I can not say for certain, I assume that Attorney Shaw was operating under the same premise. If Attorney Shaw believed that the discovery cut-off for fact witnesses was still November 1, 2003 despite the court's August 18, 2003 order establishing a January 15, 2004 discovery cut-off date, she presumably: (1) would not have agreed to reschedule the defendant's depositions until after November 1, 2003; (2) would not have provided me with dates and times on December 4 and 5, 2003 for depositions of her witnesses, and (3) would not have waited until November 25, 2003 to tell me that the defendant intended to file a protective order to preclude the plaintiff from deposing three members of the Police Commission.

The defendant would not suffer any prejudice if the discovery cut-off of January 15, 2004 incorporated the depositions of any fact witnesses. The defendant has known for nearly two months that the plaintiff intended to depose its Police Chief and certain members of its Police Commission. Until November 25, 2003, it apparently believed that the plaintiff had a right to depose three of its Police Commissioners. Because the defendant has until March 15, 2004 to file dispositive motions, it will not be prejudiced if it does not receive the deposition transcripts of its witnesses until before or shortly after the January 15, 2004 discovery cut-off date.

In contrast, the plaintiff will be prejudiced if he can not proceed with depositions of the defendant's witnesses. If Attorney Shaw had stated in October, 2003 that the defendant objected to proceeding with its witness depositions beyond what it believed to be the November 1, 2003 deadline, the plaintiff would have moved for a clarification/extension of the November 1, 2003 deadline. If the court denied his request, I would have had Attorney Wolanic take the depositions of the defendant's witnesses on or before the November 1, 2003 deadline.

THE PLAINTIFF,

By: /s/ Gary Phelan
Gary Phelan, Esq. (CT03670)
Gary Phelan, L.L.C.
Corporate Center West
433 South Main Street, Suite 117
West Hartford, CT 06110
(860) 313-5005

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed first-class, postage prepaid, on December 1, 2003 to:

Martha A. Shaw, Esq.
Michael Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

/s/ Gary Phelan
Gary Phelan

4