*3:02 CV 1934/mot proto*

FILED

2003 DEC -1  P 12: 31

US D....

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN FILUSH | : | NO.:  3:02CV1934 (SRU) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTON | : | NOVEMBER 25, 2003 |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The defendant, **TOWN OF WESTON**, pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure, hereby respectfully moves this Court for a Protective Order,

to preclude the plaintiff from examining **Commissioners Peter Ottomano, William**

**J. Brady and Richard Saltz**.

1.  The plaintiff, by way of Notices of Deposition dated November 13, 2003
    and November 18, 2003, has noticed the depositions of Commissioners
    Peter Ottomano, William J. Brady and Richard Saltz.  (Copies attached
    hereto as **Exhibit A**.).

2.  On February 12, 2002, the Court entered a scheduling order pursuant
    to Fed. R. Civ. P. 16(b), requiring fact discovery to be completed by
    November 1, 2003.  (Copy attached hereto as **Exhibit B**.).

3.  On August 18, 2003, the Court granted the Defendant, Town of
    Weston's, Motion for Modification of Scheduling Order, and entered a

ORAL ARGUMENT IS REQUESTED

scheduling order requiring expert discovery to be completed by January

15, 2004.  (Copy attached hereto as **Exhibit C**.).

4.      The depositions are scheduled for December 5, 2003, after the fact

discovery deadline of November 1, 2003.

Wherefore, the defendant, **TOWN OF WESTON**, having shown good

cause what a protective order should issue, moves that this Court find that justice

requires the issuance of a protective order, and that this Court order that the

requested discovery not be had.

DEFENDANT,
TOWN OF WESTON

By _Martha Shaw_____

Martha A. Shaw [ct12855]
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
Phone:  (860) 249-1361
Fax:  (860) 249-7665
E-Mail:  mshaw@hl-law.com

2

**CERTIFICATION**

The undersigned counsel certifies that she has in good faith conferred with opposing counsel in an effort to resolve this matter without court action. Counsel further certifies that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 25th day of November, 2003.

Gary Phelan, Esquire
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 117
West Hartford, CT 06110

Martha A. Shaw

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------- X
JOHN FILUSH,                                        :        CIVIL ACTION NO.
                                                    :        3:02CV1934(SRU)
           Plaintiff,                                 :
                                                    :
v.                                                  :
                                                    :
TOWN OF WESTON,                                     :        NOVEMBER 18, 2003
                                                    :
           Defendant.                                 :
---------------------------------------------------- X

## <u>RE-NOTICE OF DEPOSITION</u>

**PLEASE TAKE NOTICE THAT** the plaintiff, John Filush, pursuant to Rule 30 of the Federal Rules of Civil Procedure, will depose Peter Ottomano at 3:30 p.m. on Friday, December 5, 2003, at Weston Town Hall, Commission Room, 56 Norfield Road, Weston, Connecticut.

      Said deposition will be taken before a Notary Public or other officer authorized to take said deposition pursuant to Federal Rule of Civil Procedure 30(b)(2).  Said deposition shall continue from day to day until completed.

                  Respectfully submitted,

                  THE PLAINTIFF
                  JOHN FILUSH

                  BY:

                  Gary Phelan (CT 03670)
                  Tanya Wolanic (CT 24252)
                  Gary Phelan, L.L.C.
                  433 South Main Street, Suite 117
                  West Hartford, CT  06110
                  (860) 313-5005

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was sent certified mail on November 18, 2003 to:

Martha A. Shaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Tanya Wolanic

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RECEIVED
NOV 1 4 2003
BY: *MAS*

------------------------------------------------X
JOHN FILUSH,                                   :        CIVIL ACTION NO.
                                               :        3:02CV1934(SRU)
                          Plaintiff,           :
                                               :
v.                                             :
                                               :
TOWN OF WESTON,                                :        NOVEMBER 13, 2003
                                               :
                          Defendant.           :
------------------------------------------------X

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** the plaintiff, John Filush, pursuant to Rule 30 of the
Federal Rules of Civil Procedure, will depose William Brady at 12:00 p.m. on Friday, December
5, 2003, at Weston Town Hall, Commission Room, 56 Norfield Road, Weston, Connecticut.

Said deposition will be taken before a Notary Public or other officer authorized to take
said deposition pursuant to Federal Rule of Civil Procedure 30(b)(2).  Said deposition shall
continue from day to day until completed.

Respectfully submitted,

THE PLAINTIFF
JOHN FILUSH

BY: _____
Gary Phelan (CT 03670)
Tanya Wolanic (CT 24252)
Gary Phelan, L.L.C.
433 South Main Street, Suite 117
West Hartford, CT  06110
(860) 313-5005

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was sent by certified mail on November 18, 2003 to:

Martha A. Shaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Tanya Wolanic

2

RECEIVED
NOV 1 9 2003
BY: _MJR_

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------- X
JOHN FILUSH,                                    :     CIVIL ACTION NO.
                                                :     3:02CV1934(SRU)
                        Plaintiff,              :
                                                :
v.                                              :
                                                :
TOWN OF WESTON,                                 :     NOVEMBER 18, 2003
                                                :
                        Defendant.              :
---------------------------------------------------- X

## RE-NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** the plaintiff, John Filush, pursuant to Rule 30 of the Federal Rules of Civil Procedure, will depose Rick Saltz at 9:30 a.m. on Friday, December 5, 2003, at Weston Town Hall, Commission Room, 56 Norfield Road, Weston, Connecticut.

Said deposition will be taken before a Notary Public or other officer authorized to take said deposition pursuant to Federal Rule of Civil Procedure 30(b)(2). Said deposition shall continue from day to day until completed.

Respectfully submitted,

THE PLAINTIFF
JOHN FILUSH

BY: _____
Gary Phelan (CT 03670)
Tanya Wolanic (CT 24252)
Gary Phelan, L.L.C.
433 South Main Street, Suite 117
West Hartford, CT 06110
(860) 313-5005

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was mailed first-class, postage prepaid on November 13, 2003 to:

Martha A. Shaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Tanya Wolanic

2

FILED

2003 FEB -7 A 11: 22    FEB 14 2003

DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN FILUSH                          :        NO.: 3:02CV1934 (SRU)
                                     :
v.                                   :
                                     :
TOWN OF WESTON                       :        FEBRUARY 5, 2003

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**            10/31/02
**Date Complaint Served:**           11/7/02
**Date of Defendant's Appearance:**  11/26/02

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on 1/30/03. The participants were:

Gary Phelan for plaintiff John Filush.

:ha Shaw for defendant Town of Weston.

**CERTIFICATION:**

Undersigned counsel certify that, after consultation with their clients, they have

ussed the nature and basis of the parties' claims and defenses and any

iibilities for achieving a prompt settlement or other resolution of the case and, in

iultation with their clients, have developed the following proposed case

Report Approved. Discovery cutoff date November 1, 2003.
Dispositive motions due by December 15, 2003.
Status Conference to be held on date to be set.
An order indicating the Conference time will separately issue.
SO ORDERED
2/12/03

Stefan R. Underhill, U.S.D.J.

management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION:

### A.     SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Section 504 of Title 29 of the United States Code and Sections 12131-32 of Title 42 of the United States Code.

### B.     PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III.     BRIEF DESCRIPTION OF CASE:

### A. CLAIMS OF PLAINTIFF

Plaintiff contends he was discriminated against on account of a claimed disability, dyslexia, and that the defendant failed to promote him to the position of Sergeant because of it.  Plaintiff also alleges the defendant disclosed confidential medical information and refused to accommodate his disability.

### B.     DEFENSES AND CLAIMS (COUNTERCLAIMS, THIRD PARTY CLAIMS, CROSS-CLAIMS) OF DEFENDANT

The defendant, Town of Weston, deny the material allegations of the Complaint.  Furthermore, the defendant contends that:

1.  Numerous claims are barred by the applicable statute of limitations;

2.  Plaintiff failed to exhaust his administrative remedies prior to bringing suit;

2

3. Plaintiff does not have a "disability" as defined by the Americans with Disabilities Act or the Rehabilitation Act;

4. Plaintiff failed to fully apprise the defendant of any claimed disability and failed to meaningfully participate in the interactive process;

5. Plaintiff's request for accommodation was unreasonable;

6. Plaintiff cannot maintain his claim for retaliation insofar that he was not qualified for the position, he was not subjected to an adverse employment action and there is no causal connection between the alleged protected activity and adverse employment action;

7. Plaintiff's prior performance on the promotional examinations dispels any retaliatory inference;

8. As to the plaintiff's claims of disclosure of confidential medical information, plaintiff failed to exhaust his administrative remedies prior to bringing suit;

9. The defendant may not be liable for punitive damages.

### C.   DEFENSES AND CLAIMS OF THIRD PARTY DEFENDANT

N/A

## IV.   STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

3

The plaintiff began working for the defendant on February 12, 1978 as a Police Officer.  On April 16, 1990, the defendant hired Chief Land.

The Sergeant's examination at issue consists of an oral and a written component, with each section given equal weight.  Candidates with the highest number of points are considered for appointment.

By memorandum dated January 6, 2000, the plaintiff requested testing accommodations under the American's with Disabilities Act.

By memorandum dated January 7, 2000, the defendant requested the plaintiff provide medical information from his healthcare provider to explain the nature of plaintiff's disability, as well as why the requested accommodations were necessary.

Robert S. Kruger, Clinical Psychologist, submitted a brief evaluation of the plaintiff dated 1/25/00.

## V.    CASE MANAGEMENT PLAN:

### A.    STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

4

C.    EARLY SETTLEMENT CONFERENCE

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    The parties prefer a settlement conference with a United States Magistrate Judge.  N/A

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.    JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.    Plaintiff should be allowed until January 6, 2003 to filed motions to join additional parties and until January 13, 2003 to file motions to amend the pleadings.

2.    Defendant(s) should be allowed until January 20, 2003 to file motions to join additional parties and until January 27, 2003 to file a response to the complaint.

E.    DISCOVERY

1.    The parties anticipate that discovery will be needed on the following subjects:

    i.    The nature and details of the relationship between the parties, the facts giving rise to the instant complaint, and damages;

    ii.    The nature of plaintiff's claim of dyslexia and whether or not it is a disability under the American's with Disabilities Act and the Rehabilitation Act;

5

      ii.     The plaintiff's claimed damages;

      iii.    Plaintiff's disclosure of his own confidential materials.

2.     All disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed on or before April 1, 2003.

3.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by November 1, 2003.

4.     Discovery will not be conducted in phases.

5.     Discovery on issues for early discovery will be completed by ___. N/A

6.     The parties anticipate that the plaintiff(s) will require a total of [#] depositions of fact witnesses and that the defendant(s) will require a total of 8 depositions of fact witnesses.  The depositions will commence immediately and be completed by November 1, 2003.

7.     The parties may not request permission to serve more than twenty-five interrogatories.

8.     Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 7/1/03.  Depositions of any such experts will be completed by August 1, 2003.

9.      Defendant may call an expert witness at trial to rebut the opinion of any expert called by the plaintiff.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 9/1/03.  Depositions of such experts will be completed by November 1, 2003.

10.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2003.

### F. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before December 15, 2003.

### G. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by within 30 days from a ruling on defendant's Motion for Summary Judgment.

## VI. TRIAL READINESS:

The case will be ready for trial July 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

7

PLAINTIFF,
JOHN FILUSH


By_____

   Gary Phelan, Esquire
   Klebanoff & Phelan, P.C.
   Corporate Center West
   433 South Main Street,
   Suite 117
   West Hartford, CT  06110
   **(860) 313-5005**
   ct03670


DEFENDANT,
TOWN OF WESTON


By_____

   Martha A. Shaw
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   **(860) 249-1361**
   ct14803

8

RE C E I V E D

AUG 2 0 2003

BY:--------------

FILED

· 2003 AUG 14  P 2: 21

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN FILUSH                          :        NO.: 3:02CV1934 (SRU)
                                     :
v.                                   :
                                     :
TOWN OF WESTON                       :        AUGUST 12, 2003

### MOTION FOR MODIFICATION OF SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 7(b), the defendant,
**TOWN OF WESTON**, hereby requests that the case management deadlines set forth
in the Scheduling Order approved by the Court on February 12, 2003, be modified in
accordance with the deadlines set forth below.

In support of this motion, the defendant represents that the plaintiff has
indicated that he intends to call an expert witness at trial regarding the plaintiff's
contention that he is dyslexic. The plaintiff has requested additional time in which to
locate an expert.

This is the first request for a modification of the scheduling order made by
defendant relative to the plaintiff's complaint.

Accordingly, the defendant respectfully requests that the discovery and
trial deadlines in this case be modified as follows:

    1.    Plaintiff intends to call expert witnesses at trial. Plaintiff will designate
            all trial experts and provide opposing counsel with reports from
            retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1,

Motion Granted.
Discovery cutoff date  January 15, 2004
Dispositive Motions Due by  March 15, 2004
SO ORDERED
8/18/03
Stefan R. Underhill, U.S.D.J.

AL ARGUMENT IS NOT REQUESTED

2003.  Depositions of any such experts will be completed by
November 15, 2003.

2.      Defendant may call an expert witness at trial to rebut the opinion of
any expert called by the plaintiff.  Defendant will designate all trial
experts and provide opposing counsel with reports from retained
experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2003.
Depositions of such experts will be completed by January 15, 2004.

3.      Dispositive motions will be filed on or before March 15, 2004.

4.      The case will be ready for trial October 1, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each
other and the Court to promote the just, speedy and inexpensive determination of this
action.

Pursuant to Local Rule 7(b)(2), the undersigned has contacted counsel for
the plaintiff, Gary Phelan, and has been advised that the plaintiff has no objection to
the granting of this motion.

WHEREFORE, the defendant, **TOWN OF WESTON**, respectfully requests
that its motion be granted, and that the case management deadlines be modified in
accordance with the dates set forth herein.

2

DEFENDANT,
TOWN OF WESTON

By_____
   Martha A. Shaw
     ct12855
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail:  mshaw@hl-law.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 12th day of August, 2003.

Gary Phelan, Esquire
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 117
West Hartford, CT  06110

_____
Martha A. Shaw