UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN FILUSH | : | NO.: 3:02CV1934 (SRU) |
| v. | : | |
| TOWN OF WESTON | : | NOVEMBER 26, 2003 |

**DEFENDANTS' DISCLOSURE OF EXPERT WITNESS: KIMBERLY J. SASS, Ph.D.**

   Pursuant to Fed. R. Civ. P. 26(a)(2), the defendant, **TOWN OF WESTON**, hereby discloses the following individual as an expert who is anticipated to testify and present evidence at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence.

1. **Kimberlee J. Sass, Ph.D.**
   **Connecticut Neuropsychology**
   **1040 Mount Carmel Avenue**
   **Hamden, CT  06518**

**Subject Matter of Testimony:**

   Dr. Sass will testify as to opinions set forth in his written report dated November 14, 2003, a copy of which is attached and incorporated herewith as **Exhibit A**.  Dr. Sass will testify regarding the plaintiff's claim of dyslexia, which is the subject of the plaintiff's Complaint.  Specifically, Dr. Sass will testify that the plaintiff does not have a learning disorder and no accommodations to promotional testing are necessary.

**Substance of Facts and Opinions:**

Dr. Sass will testify that Officer Filush's academic records contain reasonable evidence upon which to base a conclusion that he would have met the diagnostic criteria for Reading Disorder and Disorder of Written Expression by the end of grade 3.  Thereafter, his difficulties were less apparent, but it is likely that they were still clinically significant through the end of grade 6.

Dr. Sass will testify that the abrupt improvement in Officer Filush's academic achievements when he entered St. Pius X School and the equally abrupt decline that occurred when he entered Andrew Warde High School are evidence that factors other than the learning disorders had been operating to limit his classroom achievements.

Dr. Sass will further testify that whatever combination of difficulties that Officer Filush manifested at the conclusion of high school, they did not seriously impede his college accomplishments.  Those accomplishments are probably most relevant to his claim, because they imply that he was able to successfully complete examinations of his knowledge and reasoning without special accommodations.

Dr. Sass will testify as to the results of the comprehensive examination of Officer Filush's mental abilities that he conducted.

Dr. Sass will testify that Officer Filush does not have a learning disorder. The only impairment that he manifests involves his ability to spell unfamiliar words. Some weaknesses in other skills exist (e.g., visual information processing, reading,

2

knowledge of the rules that govern writing), but they are relatively minor.  Specifically, they do not prevent Officer Filush from obtaining average scores on relevant tests.

Dr. Sass will further testify that no accommodations to promotional testing are necessary to ensure that Officer Filush has a reasonable chance to compete fairly with other candidates for advancement.  That being the case, Dr. Sass will testify that the accommodations that had been made by the Town of Weston were more than what were clinically necessary.

**Summary of Grounds for Opinions:**

Dr. Sass will base his testimony upon his review of records relevant to this case, including the pleadings, deposition testimony, school records, work-related documents, Dr. Kruger's prior neuropsychological examination, an interview of Officer Filush and Chief Anthony Land, as well as the tests that were conducted:  Wechsler Adult Intelligence Scale-II, Wechsler Memory Scale III and the Woodcock Johnson Tests of Cognitive Abilities and Achievement-III.  Dr. Sass will also base his testimony on his reading, training and experience in the filed of neuropsychology.  His specific background and qualifications are more fully set forth in the Curriculum Vitae, which is attached and incorporated herewith as **Exhibit B**.

Dr. Sass has not testified as an expert at trial or by deposition within the preceding four years.

Dr. Sass is being compensated at a rate of $200.00 per hour for expert review and study and $300.00 per hour for depositions and trial testimony.

        DEFENDANT,
        TOWN OF WESTON


        By_____
          Michael J. Rose [ct14803]
          Howd & Ludorf
          65 Wethersfield Avenue
          Hartford, CT  06114
          Phone:  (860) 249-1361
          Fax:  (860) 249-7665
          E-Mail:  mrose@hl-law.com


## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 26th day of November, 2003.


Gary Phelan, Esquire
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 117
West Hartford, CT  06110


        _____
        Michael J. Rose