UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 26  A 9: 34

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JOHN FILUSH,

        Plaintiff

v.

TOWN OF WESTON,

        Defendant

CIVIL ACTION NO.:
3:02CV1934(SRU)

July 23, 2004

### PLAINTIFF'S LOCAL RULE 56 (a)(2) STATEMENT IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)(2) of the Local Rules of Civil Procedure, plaintiff, John Filush, hereby submit his Local Rule 56 (a)(2) Statement in opposition to the defendant's Motion for Summary Judgment:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

1

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted. However, Commissioner Louis Goldberg, who was present during the discussion, did attest that Chief Land made derogatory age-based comments about the Town's Police Officers. Complaint ¶ 52, Exhibit 5, Louis Goldberg Deposition at 74-75; Exhibit 8, Louis Goldberg Affidavit.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Deny. The plaintiff did not testify that he did not believe he was discriminated against based on his age during the 1990, 1991 and 2000 sergeant's exam. Rather, he testified that he did not know whether or not he was not promoted due to his age. Defendant's Exhibit A at 54, 101, 109-10.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Deny. In August, 2002, the Police Commissioner was beginning it's process of interviewing candidates for the Sergeant vacancy, Chief Land told the Police Commission that they could improve morale in the Police Department by getting "rid of the old guys" and instead hire "young ones" Complaint ¶53, Exhibit 5, Louis Goldberg Deposition at 74-75; Exhibit 8, Louis Goldberg Affidavit.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Deny. The plaintiff did tell Chief Land that he was interested in the Field Officer Training Position. Complaint ¶ 38.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. Deny. The plaintiff testified at his deposition-25 years after he took the classes-that he took "maybe two or three" classes towards his Master's Degree. Exhibit A at 35-36.

77. Admitted.

78. Admitted.

79. Admitted.

80. Deny. Chief Land did exercise authority over the employment decision. Complaint 55-57.

81. Denied.

82. Admitted.

83. Admitted.

84. Denied. The plaintiff does not know why he was not promoted in 2000.

II. Disputed Material Facts

1.  The Plaintiff expressed an interest in serving as a Field Training Officer. Complaint ¶ 38.

2.  Chief Land told Police Commissioner Louis Goldberg in August, 2002 that the plaintiff was not interested in the Field Officer Training Position and added "you know his bad attitude." Complaint ¶ 54.

3.  Chief Land recommended that the panelists ask certain questions during the oral portion of the promotional exam for the Sergeant vacancy that he intended to highlight the strengths of the 37-year-old Patrick Daubert and improve Officer Daubert's chances of being selected for the available Sergeant position. Complaint ¶ 55-57.

5

4. Chief Land sat in on the oral portion of the examination for the available Sergeant position in 2002. Complaint ¶56.

5. Chief Land told the plaintiff that his oral exam score on the promotional exam for the vacant Sergeant position in 2002 we reduced because plaintiff was purportedly "less than truthful" on his resume when he stated on his resume he had attended classes but had not completed the Master's Program in Public Administration at the University of New Haven. However, the plaintiffs did, in fact, attend classes in the Master's Program in Public Administration at the University of New Haven but did not complete the program. Complaint ¶ 58; Plaintiff's Exhibit 7.

6. In or around 1991-93, Chief Land told the Connecticut Commissioner of the Department of Motor Vehicles, Louis Goldberg, that the Connecticut Police Executive Forum, which was a group of Connecticut Police Chiefs to which Chief Land belonged, consisted of the "young turks" who were "on the leading edge" but that another group of Connecticut Police Chiefs were the "other guys, they're the old guys." Plaintiff's Exhibit 5 at 93.

7. In August, 2002, Chief Land told the Police Commissioner that the way to improve morale in the Police Department would be to "get rid of the old guys and hire young ones." Plaintiff's Exhibit 5 at 61-63, Plaintiff's Exhibit 8, ¶ 5

8. Police Commissioner Louis Goldberg believed that John Filush was one of the "old guys" to which Chief Land was referring when he suggested that the Police Commissioners "get rid of the old guys" Exhibit 5 at 89.

9.   In or around mid-August, 2002, Chief Land told the Police Commissioner that he did not want the "old guys" in the Police Department training the "young guys." Plaintiff's Exhibit 8 ¶ 9.

10.  Chief Land devised the questions for the oral portion of the Sergeant's exam in August, 2002 and sat in when the Police Commissioners conducted the oral portion of the exams. Complaint ¶ 55.

11.  In a February, 2002 meeting of the Town's Board of Finance, Chief Land expressed concerns that the Police Force was getting "up there" in age and that the average age of the officers was " 40 something". He elaborated that new employees "take less vacation and take less sick time." Exhibit 13

12.  The plaintiff provided Chief Land with a letter from Dr. Robert Kruger dated January, 2000 which, <u>inter alia,</u> stated that the plaintiff always had difficulty with standardized tests and that the plaintiff reading recognition skill test scores suggested that the plaintiff had a learning disability. Plaintiff's Exhibit 11.

13.  According to the expert the defendant hired to examine the plaintiff, John Filush's academic deficiencies could be the by product of a learning disability. Plaintiff's Exhibit 33.

                                   THE PLAINTIFF,
                                   JOHN FILUSH

                                   By _____
                                   Gary Phelan (CT 03670)
                                   Tammy Marzigliano (CT 23326)
                                   Outten & Golden LLP
                                   Four Landmark Square
                                   Suite 201
                                   Stamford, CT 06901
                                   (203) 363-7888

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class, postage prepaid on July 23, 2004 to:

Martha A. Shaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Gary Phelan