UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN FILUSH | : | NO.: 3:02CV1934 (SRU) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTON | : | MARCH 11, 2005 |

**JOINT PRETRIAL MEMORANDUM**

**1. TRIAL COUNSEL**

    A. Attorneys for Plaintiff John Filush

        Gary Phelan
        Tammy Marzigliano
        Outten & Golden LLP
        4 Landmark Square, Suite 201
        Stamford, CT  06901
        (203) 363-7888
        gp@outtengolden.com

    B. Attorneys for Defendants

        Michael J. Rose
        Martha A. Shaw
        Howd & Ludorf, LLC
        65 Wethersfield Avenue
        Hartford, CT 06114
        860-249-1361
        mrose@hl-law.com
        mshaw@hl-law.com

**2. JURISDICTION**

    The basis for the court's subject matter jurisdiction is 29 U.S.C. § 621.  This

Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal

question jurisdiction).

**3. JURY/ NON-JURY**

Demand for trial by Jury was made in plaintiff's complaint dated October 31, 2002.

## 4. LENGTH OF TRIAL

The expected length of trial is three to four days.

## 5. FURTHER PROCEEDINGS

The parties believe that one motion *in limine* will need to be addressed prior to the initiation of evidence.

## 6. NATURE OF CASE

This action seeks injunctive relief as well as compensatory damages against the defendant, predicated upon an alleged violation of the Age Discrimination in Employment Act.

## 7. STATEMENT OF THE CASE

This claim involves a claim of age discrimination filed by John Filush.  Officer Filush contends that his age was a substantive factor which led to his exclusion from the list of the top three candidates for the promotion to the position of Sergeant in 2002.   Defendant maintains that the Officer Filush was not eligible for promotion because he was not one of the top three candidates.

## 8. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to a trial by Magistrate Judge.

## 9. LIST OF WITNESSES

A. Plaintiff's Witnesses:

<u>John Filush</u>, Plaintiff and Town of Weston Police Officer, will testify about (1) his application for Sergeant in 2002 (2) Chief Anthony Land's differential treatment of older and younger Police Officers and (3) Chief Land's treatment of him.

<u>Dann McInnis</u>, Town of Weston Police Officer, will testify about (1) his application for Sergeant in 2002, (2) the events which led to his filing a lawsuit, <u>Dann McInnis v. Town of Weston and Anthony Land</u>, 3:03 CV 01803 (JBA) alleging age discrimination and retaliation, (3) Chief Land's differential treatment of older and younger Police Officers, and (4) Chief Land's treatment of him.

<u>Louis Goldberg</u>, former Town of Weston Police Commissioner, will testify that (1) Chief Land told him in August, 2002 that the way to improve morale in the department was "to get rid of the old guys and hire young ones" and that he did not want the "old guys" training the "young guys" in the Police Department and (2) when he served as the Commissioner of the State of Connecticut's Department of Motor Vehicles, Chief Land referred to a group of police chiefs with whom they were meeting as the "young turks," while another group of police chiefs consisted of "those other guys – the old guys."

<u>Roy Hill</u>, former Town of Weston Police Sergeant, will testify that (1) shortly after Chief Land took over as the Town of Weston Police Chief, Officer Hill was promoted to sergeant over an older police officer even though the older police officer had scored higher on promotional exams (2) soon after Sergeant Hill was promoted,

3

Chief Land told him that he wanted to "build his own department" and did not want the officers from the prior administration to be part of his new department, (3) during his tenure as a sergeant Hill observed problems, with the Police Officer Patrick Daubert (who was promoted to the position of sergeant in 2002), (4) Chief Land had previously suggested to panelists considering whether to promote a candidate to sergeant that they should rethink their scores if he did not want that particular candidate selected and (5) he urged Chief Land not to rehire Patrick Daubert to the position of police officer in the mid-1990's.

Patrick Daubert, a Police Sergeant for the Town of Weston, will testify about the process that led to his promotion to sergeant in 2002, (2) before 2002, he had no prior training in computers, (3) about what led him to decide to volunteer in 2002 for all of the computer assignments in the department, (4) that in 2002 Chief Land assigned him to visit the Orange Police Department to study their computer system, (5) that before he became employed a second time as police officer for the Town of Weston, he worked for the Town of Westport Police Department,  (6) that after he was caught sleeping while on duty in his police cruiser the Town of Westport did not permit him to complete his probationary period,  (7) that when he reapplied to the Town of Weston Police Department he made no reference to the fact that he had been employed as a probationary police officer for the Town of Westport, (8) that before August, 2002 Chief Land knew that when he reapplied to the Town of Weston

4

Police Department he concealed both his employment with the Westport Police Department as well as the reasons why his employment with the Westport Police Department ended.

Mark Harper, Town of Weston's Animal Control Officer, will testify that at a meeting of Town of Weston officials concerning budgets, Chief Land stated that he needed to hire more police officers because "some old dinosaurs" would be retiring and referred to the older members at the Police Department as "the old guys."

Margaret Mendoza, Town of Weston's Administrative Police Dispatcher, will testify that she heard Chief Land state at a meeting of Town of Weston officials concerning budgets that he needed to hire more police officers because "some old dinosaurs" would be retiring and that Chief Land referred to the older members of the Police Department as "the old guys."

Dieter Baier, a Town of Weston resident, will testify that Richard Phillips, a Town of Weston Police Commissioner, discussed with him on November 6, 2004 the personnel problems in the Police Department. Mr. Baier will testify that Mr. Phillips told him "the problem is with the older guys and we need to get rid of them. We just interviewed a new and younger guy to fill the [vacant] position and we're thinking of hiring him."

William Brody, a Town of Weston Police Commissioner, will testify that he never thought of the Town of Weston Police Department as anything but a young group of dedicated officers.

Anthony Land, Chief of Police for the Town of Weston, will testify that (1) he sat in during the oral examination of candidates for the 2002 Sergeant Promotion but had not participated in the oral examination portion of the previous Sergeant's promotional examination process in 2000, (2) he shared his thoughts about the candidates' credibility to the panelists in the August, 2002 exam, (3) that he told the oral panelists in August, 2002 John Filush had left information off his resume regarding the lack of courses he had taken towards a graduate degree he had started at the University of New Haven, (4) he chose not to tell the oral panelists in August, 2002 that when he reapplied to the Town of Weston Police Department Patrick Daubert omitted from his resume any reference to his having worked as a police officer for the Town of Westport, where Daubert had been reprimanded for sleeping in his patrol car while on duty and was not permitted to continue on the police force beyond the probationary period, (5) he thought Officer Daubert's deception was not worth mentioning to the three panelists during the 2002 oral interviews of Sergeant's candidates and that Daubert's actions were "humorous," (6) he decided that for the 2002 Sergeant's promotion that there would be a specific area of assignment – technology; (7) Officer Daubert volunteered for all of the computer

assignments in 2002, (8) he assigned Officer Daubert to visit the Town of Orange

Police Department to study their computer system, (9) he was solely responsible for

selecting the oral examiners for the 2002 promotional exam (10) he selected Lt. Marc

Grecco of the Orange Police Department to sit as one of three oral examiners for the

2002 exam,  (11) he assisted in both preparing and choosing the questions the

panelists asked and in August 2002 even asked the panelists to come early to the

oral exam so "we will have time to select questions and review scoring….,"  (12) he

only socializes with younger police officers and goes out with them for breakfast,

lunch, dinner and to bars after work and often invites younger police officers to his

home and, and (13) he neither socializes nor shares meals with older officers.

Richard Vibbert, Commander, East Hartford Police Department, will testify

about (1) his participation in the selection process for the 2002 promotional exam for

Sergeant for the Town of Weston and (2) Chief Land's participation in the selection

process.

Patrick Reeves, Captain, Manchester Police Department, will testify about (1)

his participation in the selection process for the 2002 Sergeant's promotional exam

and (2) Chief Land's participation in that process

B. Defendant's Witnesses:

Anthony Land, Chief of Police, will testify that he did not intentionally discriminate against the plaintiff. He will further testify that he does not have the authority to promote.

Richard Vibberts, Commander for the East Hartford Police Department, will testify that he did not intentionally discriminate against the plaintiff.  He will further testify as to scoring of the oral examination candidates August 2002.

Patrick Reeves, Captain of the Manchester Police Department, will testify that he did not intentionally discriminate against the plaintiff.  He will further testify as to scoring of the oral examination candidates August 2002.

Peter Ottomano, Weston Police Commissioner, will testify Chief Land did not make any age biased remarks on August 1, 2002 or August 6, 2002.  Commissioner Ottomano will further testify as to the Commission's decision to promote Sgt. Daubert.

William J. Brady, Weston Police Commissioner, will testify Chief Land did not make any age biased remarks on August 1, 2002 or August 6, 2002.  Commissioner Ottomano will further testify as to the Commission's decision to promote Sgt. Daubert.

Richard Saltz, Weston Police Commissioner, will testify Chief Land did not make any age biased remarks on August 1, 2002 or August 6, 2002.  Commissioner

Ottomano will further testify as to the Commission's decision to promote Sgt.

Daubert.

Beth Gralnick, Weston Police Commissioner, will testify Chief Land did not

make any age biased remarks on August 1, 2002 or August 6, 2002.  Commissioner

Ottomano will further testify as to the Commission's decision to promote Sgt.

Patrick Daubert, Sergeant, will testify

**10. DEPOSITION TESTIMONY**
A. PLAINTIFF:
   The plaintiff does not presently anticipate that any of his witnesses will need to testify through the use of depositions.  However, if the defendant does not call them as witnesses, the plaintiff may have Police Commissioner Brady, Ottoman and Salitz testify through deposition transcripts.

 B. DEFENDANT:


**11. EXHIBITS**


A. PLAINTIFFS' EXHIBIT LIST

   1- Roy W. Hill Affidavit (submitted in McInnis v. Town of Weston)

   2- 3/22/00 Weston Police Sergeant Written Examination Results.

   3- 4/17/00 Town of Weston's Sergeant's Promotion Examination Results.

   4- 2002 Weston Police Sergeant Written Test Results.

   5- 2002 Weston Police Sergeant Written Oral Exam Test Results.

6- 2002 Weston Police Department Ranking Forms for 2002 Sergeant's Promotional Exam.

7- 8/13/02 Letter from Anthony Land to Lt. Mark Grecco relating to oral exam for Sergeant's position.

8- Mark Harper Affidavit (submitted in McInnis v. Town of Weston)

9- Dieter Baier Affidavit (submitted in McInnis v. Town of Weston)

10- Defendant's Response to Plaintiff's First Set of Interrogatories

11- Collective Bargaining Agreement between Weston Police Local #1493 and Council #15, AFSCME, AFL-CIO.

12- John Filush resume.

13- Patrick Daubert application to Town of Weston Police Department.

14- Videotape of February, 2002 Town of Weston Board of Finance Committee Meetings.

15- Affidavits of Police Commissioners filed with the Connecticut Commission on Human Rights and Opportunities ("CCHRO").

16- Town of Weston's Answer and accompanying affidavits and Position Statement filed with the CCHRO on or about January 3, 2002.

17- Louis Goldberg Affidavit submitted to the CHRO.

18- Patrick Daubert personnel file with Town of Westport.

19- Hand-Written Notes and emails of Louis Goldberg dated August, 2002.

20- May 3, 2002 Memorandum-Candidate Interview Procedure for Sergeant Position.

21- September 23, 2002 letter from Chief Land to Dann McInnis.

22-Transcript of Appeal for Sergeant's Exam dated August 3, 2002 before Town of Weston Police Commissioner.

23-Transcript of Appeal for Sergeant's Exam dated August 11, 2002 before Town of Weston Police Commissioner.

24-Weston Board of Police Commissioner Sergeant Candidate interview questions.

25-Hand-Written notes related to John Troxell, Rich Palmiero and Pat Daubert (produced to the plaintiff in the defendant's supplemental disclosure dated March 5, 2004).

B. DEFENDANTS' LIST OF EXHIBITS

A. 1990 Sergeant's Eligibility List and Exam Scoring

B. 1991 Sergeant's Eligibility List and Exam Scoring

C. 1995 Sergeant's Eligibility List and Exam Scoring

D. 2000 Sergeant's Eligibility List and Exam Scoring

E. 2002 Sergeant's Eligibility List and Exam Scoring

F. Sergeant's Exam 2002 Scoring of all candidates

G. Town of Weston and Weston Police Local #11493 and Council # 15, AFSCME, ALF-CIO Collective Bargaining Agreement

H. Sergeant's Exam questions 2002

I. August 13, 2002 Letter to Grecco from Land

J. 2002 Oral Interview Rating Forms

K. Resume of John Filush

L. Official Transcript, University of New Haven Graduate School

M. Plaintiff's Training Survey regarding career interests

N. Responsibilities of the Staff/Support Sergeant

O. Responsibilities of the Administrative/Investigations Sergeant

P. Responsibilities of the Operations Sergeant

Q. Grievance 2-2002

R. Tape of February 2002 Board of Finance Meeting

S. Tape of Land coaching Filush

## 12. ANTICIPATED EVIDENTIARY PROBLEMS/ MOTIONS IN LIMINE

## 13. STIPULATIONS OF FACT AND LAW

T.  <u>Fact</u>

John Filush has been employed by the Town of Weston as a patrolman since 1978.  He was born on September 20, 1953.  In 2002, when Officer Filush was 48, he took an examination to be promoted to the position of sergeant.  A promotional examination is a prerequisite for promotion. It consists of an oral and a written component, with each section given equal weight.  The Police Commission only considers the top three candidates for promotion.  Ofc. Filush placed fifth on the examination and was not promoted.  Patrick Daubert, who was 37 at the time and the top scorer, was promoted.

The oral examination was conducted by three professional police officers.  Captain Patrick Reeves of the Manchester Police Department, Assistant Chief Mark Grecco (since deceased), of the Orange Police Department and Commander Richard Vibbert of the East Hartford Police Department.  Although Land was present during the oral examination, he did not participate in the process and he was not present when the panel members deliberated on what scores to award the individuals.

Chief Land did not sit in while the oral panel deliberated on scoring the candidates.  Chief Land does not have the authority to promote an officer to Sergeant.  The Police Commission makes appointments to the rank of Sergeant and Chief Land was not a member of the Commission.

B.  <u>Law</u>

13

**14. TRIAL TO COURT/ JURY**

**(B) (1) PROPOSED VOIR DIRE QUESTIONS**

Plaintiff's Proposed Voir Dire Questions:

1.  Please provide the following background information in a narrative fashion:

Name, town of residence, family status, number of children and ages, educational

background and the nature of your employment.  If you are retired or not currently

working, please describe the last position you held.

2.  How long have you been at your current or most recent position?

3.  Have you had any management or supervisory responsibilities in your

current or previous position?  If yes, please describe those responsibilities.

a.  If so, have you ever terminated or otherwise disciplined one of your

subordinates?

   b.  Did any of those subordinates complain or file a lawsuit concerning

the discipline?  If yes, would that experience affect your ability to sit on an

employment case such as this one?

   4.  Have you or anyone in your family ever owned a business or owned a

substantial interest in a corporation or business?

   a.  If so, have any such family members had to terminate or discipline

an employee?

   b.  Did any of those employees complain or file a lawsuit?  If yes, would

that experience affect your ability to sit on an employment case such as this one?

   5.  Do you have prior jury experience?

   a.  If so, was it in state or federal court?

   b.  Did it involve a civil or criminal matter?

c.  What was the nature of the case?

d.  Without telling the result, did you reach a verdict?

e.  Would anything about that experience make it difficult to be fair and

impartial in this case?

6.  Would service on this case create any serious hardship for you?  If yes,

please describe your reasons?

7.  Have you or a family member ever been terminated from employment,

discharged or laid off?  Would that experience affect your ability to sit on an

employment case?

8.  Have you ever been a party to a lawsuit?

a.  If so, what was the nature of the lawsuit?

b.  Were you the plaintiff or the defendant?

c.  Would anything about that experience make it difficult to be fair and

impartial in this type of case?

9.   Do you have or have you had any connection with the Town of Weston?

10.  Have you, or a family member, or close friend worked for the Town of

Weston?

11.  The following individuals may be witnesses in this case:

(a) John Filush, Police Officer Town of Weston.

(b) Dann McInnis, Police Officer, Town of Weston.

(c) Louis Goldberg, former Town of Weston Police Commissioner.

(d) Roy Hill, former Town of Weston Police Sergeant.

(e) Patrick Daubert, Police Sergeant, Town of Weston.

(f) Mark Harper, Town of Weston's Animal Control Office.

(g) Margaret Mendoza, Town of Weston's Administrative Police Dispatcher.

(h) Dieter Baier, resident of Town of Weston.

(i) Anthony Land, Police Chief, Town of Weston.

(j) Richard Vibbert, Commander East Hartford Police Department.

(k) Patrick Reeves, Captain, Manchester Police Department.

To the best of your knowledge, are you or any member of your family

acquainted with these individuals?

12.  How do you feel about jury trials?  Do you believe a person who brings a

claim of wrongful termination or discrimination should be permitted to have their

claims resolved by a jury?

13.  Do you know any of the witnesses who have been named in this case?  If

so, please describe how you know him or her.

14.  Have you ever belonged to a union?

    a.  If so, how long?

b.  Did you hold an office in that union?

15.  Have you ever had to evaluate the job performance of other employees, whether orally or in writing?

16.  Do you have any feelings or perceptions about the federal discrimination? laws in our country?  If so, please describe.

17.  Do you feel that the discrimination laws place an undue burden upon employers?

18.  Have your or has any member of your family ever been accused of discriminatory conduct of wrongfully discharging an individual from his or her employment?  Please describe the circumstances.  Would that influence your ability to sit as a juror on this case?

19.  Are there any other reasons that you would be unable to be a fair and impartial juror in this case?

Defendant's Proposed Voir Dire Questions

1.      The plaintiff in this case is John Filush of Fairfield, Connecticut.  To the best of your knowledge, are you or any member of your family acquainted with the plaintiff in any way?

2.      The defendant in this case is the Town of Weston.  To the best of your knowledge, are you or any member of your family acquainted with the defendant?

3.      The following individuals may be witnesses in this case:

(a)      Anthony Land, Police Chief

(b)      Richard Vibberts, Commander of the East Hartford Police Department

(c)      Patrick Reeves, Captain of the Manchester Police Department

(d)      Peter Ottomano, Weston Police Commissioner

(e)      William J. Brady, Weston Police Commissioner

(f)      Richard Saltz, Weston Police Commissioner

(g)     Beth Gralnick, Weston Police Commissioner

(h)     Patrick Daubert, Sergeant, Weston Police Department

To the best of your knowledge, are you or any member of your family

acquainted with these individuals?

4.     To the best of your knowledge, have you, a member of your family or a

close friend ever had an unpleasant experience with an employer?

5.     Do any of you have an unfavorable opinion about employers?

6.     To the best of your knowledge, have you, a member of your family or a

close friend ever had an unpleasant experience with the Town of Weston or any of its

subdivisions, agencies, officers, or employees?

7.     Do any of you have an unfavorable opinion about the Town of Weston

or any of its subdivisions, agencies, officers, or employees?

8.      To the best of your knowledge, have you, a member of your family or a close friend ever had an unpleasant experience with a member of a police department?

9.      To the best of your knowledge, have you, a member of your family or a close friend ever been discriminated against on the basis of age?

10.     Have you, a member of your family, or a close friend ever been terminated, disciplined or laid off from employment?

11.     Have you, a member of your family, or a close friend ever made a claim of age discrimination against an employer?

12.     Have you ever been a party to a lawsuit?

13.     Have you, a member of your family, or a close friend ever sued the Town of Weston, any municipality, the State of Connecticut or any State for any reason?

14.     Have you or a member of your family ever been sued by the Town of Weston, a municipality, the State of Connecticut or another governmental agency for any reason?

15.     If you are selected to sit on this jury, the Court will instruct you on the law which you must apply to the facts of this case as you find them to be.  One of the Court's instructions will inform you that the burden of proof for all material facts rests with the plaintiff.  Do you understand that it is the plaintiff's responsibility to prove every fact essential to his case?

PLAINTIFF,                                    DEFENDANT,

JOHN FILUSH                                   TOWN OF WESTON

By _____     By_____

Gary Phelan [ct03670]                    Martha A. Shaw [ct12855]

Outten & Golden LLP                      Howd & Ludorf, LLC

Four Landmark Square, Ste. 201           65 Wethersfield Avenue

Stamford, CT  06901                      Hartford, CT  06114

(203) 363-7888                           (860) 249-1361

(203) 363-0333 (Fax)                     (860) 249-7665 (Fax)

E-Mail:  gp@outtengolden.com             E-Mail:  mshaw@hl-law.com

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via Regular Mail  to the following counsel of record this 11th day of March, 2005.

Gary Phelan, Esquire

Outten & Golden, LLP

Four Landmark Square, Suite 201

Stamford, CT  06901

 

_____

Martha A. Shaw