

FILED

2005 FEB 28 A 11: 49

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN FILUSH | : | NO.: 3:02CV1934 (SRU) |
| v. | : | |
| TOWN OF WESTON | : | FEBRUARY 25, 2005 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT DATED MARCH 19, 2004

**PRELIMINARY STATEMENT**

1.      That portion of paragraph 1 which states:  "The plaintiff, John Filush, a police officer employed by the Town of Weston" is admitted.  The defendant does not respond to the remainder of paragraph 1 because it calls for a legal conclusion.

2.      Paragraph 2 is admitted.

3.      That portion of paragraph 3 which states:  "Venue in this district is proper, as the parties both reside in Connecticut" is admitted.  That portion of paragraph 3 which states:  "and the unlawful employment practices took place in Connecticut" is denied.

4.      That portion of paragraph 4 which states:  "The plaintiff timely filed his administrative discrimination claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC")" is admitted.  As to the remainder of paragraph 4, this

defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

5.    As to paragraph 5, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

**PARTIES**

1.    That portion of paragraph 6 which states: "He is employed as a police officer with the Town of Weston Police Department" is admitted.  That portion of paragraph 6 which states: "He is 49 years of age" is denied.  As to the remainder of paragraph 6, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

2.    Paragraph 7 is admitted.

**FACTS**

1.    Paragraphs 8, 12, 13, 15, 17, 20, 21, 23, 24, 26, 27, 30, 37, 40, 42, 43, 44, 46, 48, 50, 51, 53 and 61 are admitted.

2.    That portion of paragraph 9 which states: "The plaintiff was diagnosed with a learning disability known as dyslexia in January 2000" is denied.  As to the remainder of paragraph 9, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

3.    Paragraph 10 is denied.

2

4.      As to paragraphs 11, 22, 32, 59 and 60, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

5.      That portion of paragraph 14 which states: "The union contract states that the Police Commission (the "Commission") is responsible for choosing panel members for the oral portion of the examinations. The Commission, however, authorized Chief Land to choose the panel members for the oral portion of promotional examinations" is admitted. That portion of paragraph 14 which states: "Chief Land is also present for the adjustment of the candidates' scores" is denied. As to the remainder of paragraph 14, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

6.      That portion of paragraph 16 which states: "The plaintiff was not chosen for the position of Sergeant in 1990" is admitted. As to the remainder of paragraph 16, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

7.      That portion of paragraph 18 which states: "The plaintiff was not chosen for the position of Detective in 1991" is admitted. As to the remainder of paragraph 18, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of

3

proof.

      8.     That portion of paragraph 19 which states: "On or about January 2, 1992, the plaintiff filed a grievance with regard to the 1991 Detective's examination. The plaintiff objected to the Commission's right to hold interviews for the position of detective after the written and oral portions of the exam were completed by the candidates" is admitted. As to the remainder of paragraph 19, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

      9.     That portion of paragraph 25 which states: "On or about September 14, 1995, the plaintiff took the Sergeant's exam administered by the defendant. The plaintiff's scores on the combined written and oral portions of the promotional exam placed him among the top three candidates for consideration" is admitted. As to the remainder of paragraph 16, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

      10.    That portion of paragraph 28 which states: "On January 6, 2000, the plaintiff sent a memorandum to Chief Land requesting accommodations for the Sergeant's exam scheduled for January 28, 2000" is admitted. That portion of paragraph 28 which states: "The plaintiff requested extended time to obtain books on tape, extended time to review required reading materials, limited use of multiple choice format, un-timed testing, a quiet test site, and a spelling exemption" is admitted. As to the remainder of paragraph 28, this defendant does not have

4

sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

11.    That portion of paragraph 29 which states: "On January 7, 2000, Chief Land sent a memorandum to the plaintiff" is admitted.  As to the remainder of paragraph 29, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

12.    That portion of paragraph 31 which states: "On or about January 25, 2000, Dr. Kruger wrote a letter to Chief Land" is admitted.  That portion of paragraph 31 which states: "describing the plaintiff's disability" is denied.  As to the remainder of paragraph 16, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

13.    That portion of paragraph 33 which states: "On or about February 2, 2000, Chief Land sent a memorandum to the plaintiff indicating that the defendant would like to re-schedule the Sergeant's exam" is admitted.  As to the remainder of paragraph 33, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

14.    That portion of paragraph 34 which states: "On or about February 29, 2000, Chief Land wrote a memorandum to the plaintiff confirming the terms under which the plaintiff would take the Sergeant's examination scheduled for March 22,

2000" is admitted. That portion of paragraph 34 which states: "Chief Land stated that the plaintiff would be allowed 50% more time to answer the questions than the other candidates" is admitted. As to the remainder of paragraph 34, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

15.    That portion of paragraph 35 which states: "On or about March 20, 2000, the plaintiff sent Chief Land a departmental message indicating that while he was in the patrol office on March 19, 2000, a fellow officer, Officer Peter Ward, questioned the plaintiff about the time extension granted to him for the Sergeant's exam" is admitted. That portion of paragraph 35 which states: "The defendant, however, never conducted any investigation into the matter" is denied. As to the remainder of paragraph 35, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

16.    That portion of paragraph 36 which states: "On or about March 22, 2000, the plaintiff took the Sergeant's exam administered by the defendant. The defendant allowed the plaintiff one additional hour to complete the exam" is admitted. As to the remainder of paragraph 36, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

17.    That portion of paragraph 38 which states: "After the March 2000 Sergeant's exam, Chief Land asked the plaintiff if he would be interested in serving

6

as the Department Training Officer" is admitted. That portion of paragraph 38 which states: "Although the plaintiff expressed an interest in assuming the position" is denied. That portion of paragraph 38 which states: "Chief Land reorganized the duties of Sergeant and gave the responsibility to Sergeant Terry Mooney" is admitted. As to the remainder of paragraph 38, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

18.    That portion of paragraph 39 which states: "On or about January 25, 2002, the plaintiff sent a departmental message to Chief Land requesting that he serve as a member of the oral board interviewing applicants for the position of Police Officer" is admitted. As to the remainder of paragraph 39, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

19.    That portion of paragraph 41 which states: "Chief Land chose his son, Anthony Land, Jr., to sit on the panel for the oral portion of the 2002 Weston Entrance exam for new police hires" is admitted. That portion of paragraph 41 which states: "The plaintiff objected to Chief Land using his son in choosing new hires for the defendant because Chief Land's son lacked adequate experience" is denied. As to the remainder of paragraph 41, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

20.    That portion of paragraph 45 which states: "On or about June 15, 2002, the plaintiff filed a grievance" is admitted.  As to the remainder of paragraph 45, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

21.    That portion of paragraph 47 which states: "On or about June 27, 2002, the plaintiff responded to Chief Land's request for clarification" is admitted.  As to the remainder of paragraph 47, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

22.    That portion of paragraph 49 which states: "On or about June 30, 2002, the plaintiff sent a departmental message to Chief Land" is admitted.  As to the remainder of paragraph 49, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

23.    That portion of paragraph 51 which states: " On or about July 24, 2002, the plaintiff sent a letter to Chief Land requesting testing accommodations for the Sergeant's exam held on or about August 6, 2002.  The plaintiff indicated in his letter that he believed he was entitled to similar testing accommodations that had been previously extended to him" is admitted.  As to the remainder of paragraph 51, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

8

24.    That portion of paragraph 52 which states: "In early August 2002, a Selectmen's meeting was held to discuss the issue of additional hiring for the Weston Police Department. Prior to the meeting, there was a discussion between Chief Land and the Commission members about the morale problem in the Police Department" is admitted. That portion of paragraph 52 which states: "Chief Land told Police Commissioner Lou Goldberg that morale would improve if they got 'rid of the old guys' and 'some of the dinosaurs' " is denied.

25.    That portion of paragraph 54 which states: "On or about the evening of August 6, 2002, the Commission held its monthly meeting. At this meeting, Commissioner Goldberg asked Chief Land about Officer Filush and the Field Training Officer position" is admitted. As to the remainder of paragraph 54, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

26.    That portion of paragraph 55 which states: "On August 13, 2002, Chief Land sent a letter to Lieutenant Mark Grecco regarding the oral portion of the Sergeant's exam which was to be held on August 29, 2002" is admitted. That portion of paragraph 55 which states: "Chief Land did not send similar letters to the other panel members for the August 29, 2002 oral portion of the Sergeant's exam" is denied. As to the remainder of paragraph 55, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

27.     That portion of paragraph 56 which states: "Chief Land attended the oral portion of the August 2002 exam" is admitted.  That portion of paragraph 56 which states: "because the Commission no longer allowed Chief Land to attend the last selection phase" is denied.  That portion of paragraph 56 which states: "The plaintiff's combined written and oral scores ranked him overall as fourth.  The plaintiff did not place in the top three, so he was not considered for Sergeant" is admitted.

28.     That portion of paragraph 57 which states: "Officer Patrick Daubert was chosen to assume the position of Sergeant upon completion of the August 2002 exam" is admitted.  That portion of paragraph 57 which states: "The majority of the questions for the oral portion of the August 2002 Sergeant's exam focused on technology and implementing policies and procedures" is denied.  As to the remainder of paragraph 57, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

29.     That portion of paragraph 58 which states: "After the August 2002 exam, the plaintiff was told by Chief Land that he received lower scores for the oral portion of the exam because he was 'less than truthful' on his resume.  Chief Land said that the plaintiff listed an incomplete master's program on his resume" is admitted.  As to the remainder of paragraph 58, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

30.    That portion of paragraph 62 which states:  "However, the defendant, in general, and Chief Land, in particular, has manipulated the oral portion of the examinations to prevent the plaintiff from being promoted" is denied.  That portion of paragraph 62 which states:  "Chief Land has been allowed to indicate his choices and rankings of the candidates and exert influence over the overall scoring of candidates and the selection of questions for the oral portion of the exam to favor his desired candidate" is denied.  As to the remainder of paragraph 62, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

31.    Paragraphs 63, 64 and 65 are denied.

**LEGAL CLAIMS**

**FIRST COUNT – ADEA**

1.    The answers to paragraphs 1-65 are hereby made the answers to paragraphs 1-65 of the Second Count, as if fully set forth herein.

2.    Paragraphs 67 and 68 are denied.

**SECOND COUNT – CONN. GEN. STAT. §§ 46a-60(a)(1)**

The defendant does not respond to this Count as it has been dismissed.

**THIRD COUNT – CONN. GEN. STAT. § 46a-60(a)(4)**

The defendant does not respond to this Count as it has been dismissed.

**FOURTH COUNT – CONN. GEN. STAT. § 46a-60-(a)(1)**

The defendant does not respond to this Count as it has been dismissed.

## BY WAY OF AFFIRMATIVE DEFENSES

### First Affirmative Defense as to the First Count:

The plaintiff has failed to mitigate his damages.

### Second Affirmative Defense as to the First Count:

The applicable statute of limitations bars the plaintiff's claims in whole or in part.

### Third Affirmative Defense as to the First Count:

The plaintiff's complaint fails to state a legally sufficient claim for punitive damages against the defendant.

### Fourth Affirmative Defense as to the First Count:

The plaintiff's claims of discrimination occurred more than three hundred (300) days prior to the plaintiff's filling of his discrimination claim with the State of Connecticut Commission on Human Rights and Opportunities and are, therefore, time-barred.

### Fifth Affirmative Defense as to the First Count:

The defendant's actions were based on reasonable factors other than age.

### Sixth Affirmative Defense as to the First Count:

While denying the material allegations of the claim, to the extent the trier of fact concludes that the defendants were unlawfully motivated, the defendants claim benefit of the mixed motive defense articulated in *Price Waterhouse v. Hopkins*.

DEFENDANT,
TOWN OF WESTON

By _____
Martha A. Shaw [ct12855]
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail:  mshaw@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail, to the following counsel of record this 25th day of February, 2005.


Gary Phelan, Esquire
Outten & Golden, LLP
Four Landmark Square, Suite 201
Stamford, CT  06901

_____
Martha A. Shaw